IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JUAN ANGELES MENDOZA, #26917-279 § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:20cv476 |
| § | CRIMINAL ACTION NO. 4:11cr247(8) |
| UNITED STATES OF AMERICA § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Movant Juan Angeles Mendoza filed the above-styled and numbered motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I. BACKGROUND**

On September 23, 2013, after Movant pled guilty pursuant to a written plea agreement, the District Court sentenced Movant to 262 months' imprisonment for conspiracy to distribute or possess with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). Crim. ECF (Dkt. #408). Movant did not file a direct appeal concerning his conviction, but filed the instant § 2255 motion on June 10, 2020. He claims he is entitled to relief pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019), which was decided on June 24, 2019. (Dkt. #5 at 5). Because Movant filed his § 2255 motion within one year of the *Davis*

decision, it is timely.[1] The Government filed a Response, asserting that Movant's waiver bars consideration and that *Davis* is inapplicable to Movant's case. Movant did not file a Reply.

## II. FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

## III. DISCUSSION

As noted above, Movant pled guilty pursuant to a written plea agreement. In that agreement, Movant waived his right to contest his conviction or sentence "in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255." Crim. ECF Dkt. #163 at 6-7. However, Movant reserved the right to appeal a sentence imposed in excess of the statutory maximum or a claim of ineffective assistance of counsel. *Id.* at 7. The Fifth Circuit upholds the

---

[1] On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") went into effect. A one-year statute of limitations was enacted for motions to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction. Final Judgment issued on September 23, 2013; thus, Movant's conviction became final fourteen days later - on October 7, 2013. Therefore, his § 2255 motion must have been filed by October 7, 2014. When a movant is basing his motion for relief based on a new decision issued by the United States Supreme Court, however, he must file it within one year of that decision. In this case, Movant timely filed his § 2255 motion within one year of the *Davis* opinion, which issued on June 24, 2019 .

informed and voluntary waiver of post-conviction relief . *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Movant's claim, that he is entitled to relief pursuant to *Davis*, is neither a claim that his sentence exceeded the statutory maximum nor that his counsel was ineffective. Accordingly, Movant has waived the claim.

Even if the claim was not waived, *Davis* is inapplicable to Movant's conviction. The Supreme Court held in *Davis* that, in 18 U.S.C. § 924(c)(3)(B), the definition of a "crime of violence" is unconstitutionally vague. Movant asserts that, based on *Davis*, a conspiracy is no longer a crime of violence that can be used to enhance a sentence under the Guidelines' career-offender provision (Dkt. #5 at 4).

A review of the record shows that Movant was found to be at least eighteen years old, his offense of conviction is a felony that is a controlled substance offense, and Movant has at least two prior felony convictions that were controlled substance offenses. Crim. ECF (Dkt. #319 at 7). Based on these requirements, Movant was deemed to be a career offender, which adjusted his offense level to 37. U.S.S.G. § 4B1.1(b)(1). *Id*. The Fifth Circuit has found, post-*Davis*, that a conviction for a § 846 conspiracy constituted a "controlled substance offense" under U.S.S.G. § 4B1.1. *United States v. Kendrick*, 980 F.3d 432, 444 (5th Cir. 2019). Additionally the commentary to U.S.S.G. § 4B1.2, which defines "controlled substance offense," explained that the term includes "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2 cmt. n. 1. Clearly, Movant's offense of conviction involved a controlled substance offense, not a crime of violence; consequently, *Davis* does not apply to Movant's case.

Movant also claims he is entitled to relief because of a "merger issue[:] a conspiracy to commit an offense and actual commission of the offense do not merge but rather constitute two separate offenses. Thus sentence is void two separate offenses." (Dkt. #5 at 5). It does not

appear that Movant is attempting to base this issue on the *Davis* case; therefore, it is time-barred since it was not filed before the one-year limitations period expired – in this case, October 7, 2014. Regardless, this issue is barred by the waiver provision in the plea agreement because it is not a claim that his sentence exceeded the statutory maximum or that his counsel was ineffective. It is not an issue that Movant preserved for review. Accordingly, Movant has waived the claim.

## IV. CONCLUSION

In conclusion, Movant's waiver of appeal contained in his plea agreement does not preserve the issues raised; thus, the claims are waived. Even if they were not waived, Movant's claim concerning relief pursuant to *Davis* is without merit, and his claim concerning the merger issue is time-barred. Consequently, Movant's § 2255 motion should be denied.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended the court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional

right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended the court find Movant is not entitled to a certificate of appealability.

## VI. RECOMMENDATION

It is recommended Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the

magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**SIGNED this 5th day of September, 2023.**

　

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE